**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

Case Number:
Magistrate Judge:

|   |   |
|---|---|
| JANE DOE, individually and as natural parent and next friend of JESSICA DOE, a minor,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Jane Doe,[1] individually and as natural parent and next friend of Jessica Doe, a minor, sues the United States of America for the reasons set forth below.

**JURISDICTION, PARTIES & VENUE**

1. This is an action brought under the Federal Tort Claims Act for personal injury arising out of the negligent or wrongful acts or omissions of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the

---

[1] Because of the extremely personal nature of the claim and injuries suffered by the minor child, her mother, as Plaintiff, files this lawsuit under pseudonyms to protect her daughter's right to privacy and minimize further emotional distress that would result from making this information public.

1

Plaintiff under the laws of the State of Florida; where the acts or omissions occurred. 28 U.S.C. § 1346(b). At all times relevant these persons were subject to the United States Government's right to control, including substantial supervision and direction over their day-to-day activities.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 2671, *et seq*.

3. On February 12, 2021, Plaintiff, on behalf of herself and her daughter, filed their administrative claims based on the facts alleged herein with the appropriate federal agency — The United States Department of Health and Human Services — for damages arising out of the personal injury sustained by Jessica Doe, a minor, based on the negligence of United States Government employees, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment at Citrus Health Network, Inc..

4. Such claims were presented as required by 28 U.S.C. § 2675. Copies of the administrative claims, redacted to remove information from which the identities of the Plaintiff or the minor could be determined, are attached hereto as Composite Exhibit "A".

**5.** It has been more than six months since the administrative claims were filed with the U.S. Department of Health and Human Services, which is the appropriate federal agency, as required by 28 U.S.C. §2675. The U.S. Department of Health and Human Services has communicated in the form of requesting additional information, but has otherwise failed to respond to the aforementioned administrative claim by accepting or denying liability.

6. At all times material, Plaintiff Jane Doe and the minor, Jessica Doe, have been citizens of the United States of America.

7. Plaintiff Jane Doe is the natural mother, and at all times material has been the sole custodial parent of the minor, Jessica Doe. Jessica Doe's year of birth is 2006.

8. Plaintiffs presently maintain their permanent residence in Broward County, Florida.[2] Accordingly, venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. 1402(b).

9. At all times material to this complaint, Citrus Health Network, Inc. has been a facility operated under the auspices of the U.S. Department of Health and Human Services and has specifically advised Plaintiff it is covered under the Federal Tort Claims Act.

10. At all times material to this complaint, Defendant United States of America was the employer of certain administrators and staff, all names known to Defendant but unknown to Plaintiff, who assigned rooms and beds to children residing in the facility, and who were responsible for supervising the children while they were residing in Citrus Health Network, Inc.

**FACTS GIVING RISE TO ALL CAUSES OF ACTION**

11. Between February 28, 2019 and March 4, 2019, Jane Doe's twelve-year old daughter, Jessica Doe, was at Citrus Health Network, Inc., located at 4175 West 20th Avenue, Hialeah, Florida, 33012-5875, where she was housed in a room with three roommates.

12. The administrators at Citrus Health Network, Inc., assigned the girls to sleep alone together in the room despite knowledge that one of the girls had a known history of sexual abuse. It is a violation of industry protocols, procedures, standards and guidelines to place a child with a known history of sexual abuse in an unsupervised setting with other children. No staff was assigned to be inside the room to supervise the children, and no staff checked in periodically or intermittently to keep a check on the children.

---

[2] Jessica Doe's legal residence is with her mother, but at times she is periodically placed in different residential treatment centers throughout the state. At all times, upon discharge, she is returned to her custodial parent's home in Broward County.

13. Defendant created a serious hazard to Plaintiff Jessica Doe by placing another girl with a prior history of sexual abuse, to sleep in the same room with younger, more vulnerable children without proper supervision and security.

14. Defendant knew or should have known of the foreseeable risk of harm to Plaintiff Jessica Doe by placing the perpetrator in Miss Doe's room without proper supervision and security.

15. Neither Miss Doe nor her mother anticipated that the administrators or staff at Citrus Health Network would assign Jessica a roommate who posed a known and present danger to sleep in the same room with Miss Doe or other children without proper supervision and security.

16. While in their assigned room, the perpetrator sexually abused Jessica Doe on multiple occasions.

17. No one at Citrus Health advised Jane Doe of what had happened to her daughter. Rather, Ms. Doe first learned what had happened to her daughter, Jessica, after Jessica had been returned home and Ms. Doe was contacted by a representative of the Florida Department of Children and Families to ask if Jessica Doe was receiving psychological counseling targeted to help her deal with the sexual abuse that had occurred at Citrus Health.

## COUNT I
## CLAIM FOR NEGLIGENCE OF UNITED STATES GOVERNMENT

18. Plaintiffs adopt and re-allege paragraphs one through seventeen (1-17) as if fully set forth herein.

19. Defendant owed a duty to the minor, Jessica Doe, to use reasonable care to provide a safe and secure environment, so as to avoid injury or harm to her while she was in the Defendant's care.

20. Defendant owed a duty to Jessica Doe of reasonable care concerning her safety and well-being, including in the screening, selection, supervision, security and monitoring of the individuals they assigned to be her roommate(s) and placed in the room.

21. Defendant owed a duty to Jessica Doe of reasonable care including, but not limited to, the following:

   a. To provide a safe environment for Jessica Doe while residing at the Citrus.

   b. To provide appropriate security measures to ensure appropriate and adequate security to the minor, Jessica Doe;

   c. To properly supervise, monitor, screen, and inspect individuals it assigned as roommates at the facility to ensure that its residents were safe and free from foreseeable harm;

   d. To properly supervise, monitor, screen, and inspect individuals while they were in the rooms of the facility to ensure that its residents were safe and free from foreseeable harm;

   e. To not assign individuals who had a known a history of sexual abuse as roommates to sleep in the same room as other children, including Jessica Doe;

   f. To adequately warn, instruct, or advise Jessica Doe and others, including the family of Jessica Doe, of the heightened danger and risk of sexual abuse by the perpetrator who had been assigned to sleep in the same room with other children, including Jessica Doe, while they were sleeping and/or partially dressed in sleep clothes;

   g. To adequately warn, instruct, or advise Jessica Doe and others, including the family of Jessica Doe, of the Defendant's lack of adequate security and supervision;

   h. To instruct, train and teach its employees, agents, apparent agents, representatives, officers, servants, contractors and others under the direction, authority, control or right of control of the Defendant how to properly assign sleeping arrangements for individuals with known or discoverable dangerous propensities, including the heightened danger and risk that she would sexually abuse her young, vulnerable roommates if given access and opportunity, so as to protect other individuals, including Jessica Doe, from harm; and

   i. To otherwise use reasonable care in the screening, placement, assigning sleep arrangements, monitoring and supervision of the perpetrator and to provide proper security.

22. Defendant breached its duty to Jessica Doe and was negligent in one or more of the following ways:

   a. By failing to use reasonable care in providing the minor, Jessica Doe, with a safe place to reside and to sleep while at Citrus;

   b. By failing to provide appropriate security measures to ensure appropriate and adequate security to the minor, Jessica Doe;

   c. By failing to properly supervise, monitor, screen and inspect individuals it assigned as roommates at the facility to ensure that its residents were safe and free from foreseeable harm;

   d. By failing to properly supervise, monitor, screen and inspect individuals while they were in the rooms of the facility to ensure that its residents were safe and free from foreseeable harm;

   e. By negligently and carelessly assigning the perpetrator, who had a known a history of sexual abuse, as a roommate to sleep in the same room as other children, including Jessica Doe;

   f. By negligently and carelessly failing to adequately warn, instruct, or advise Jessica Doe and others, including the family of Jessica Doe, of the dangerous propensity of the perpetrator;

   g. By negligently and carelessly failing to adequately warn, instruct, or advise Jessica Doe and others, including the family of Jessica Doe, of the Defendant's lack of adequate security and supervision;

   h. By negligently and carelessly failing to instruct, train and teach their employees, agents, apparent agents, representatives, officers, servants, contractors and others under the direction, authority, control or right of control of the Defendant how to properly assign sleeping arrangements for individuals with known or discoverable dangerous propensities, including the heightened danger and risk that she would sexually abuse her young, vulnerable roommates if given access and opportunity, so as to protect other individuals, including Jessica Doe, from harm; and

   i. By negligently and carelessly failing to otherwise use reasonable care in the screening, placement, assigning sleep arrangements, monitoring and supervision of the perpetrator and to provide proper security.

23. Defendant knew or should have known that its acts or omissions, as set forth above, created a dangerous hazard to those in its custody or care, including minor Jessica Doe.

24. Defendant knew or should have known that its acts and omissions would cause serious injury to Jessica Doe.

25. Jessica Doe's sexual abuse and resulting damages was a direct and proximate result of Defendant's negligence.

26. As a direct and proximate result of Defendant's acts or omissions set forth above, Jessica Doe has in the past suffered and will in the future continue to suffer bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, rehabilitation, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition.  Her special damages include but are not limited to the need for therapeutic intervention specific to sexual abuse survivors, which Jessica will require throughout her life.  These losses are permanent and continuing in nature and Jessica Doe will continue to suffer these losses in the future.

WHEREFORE, Jane Doe, as natural mother and next friend of Jessica Doe, a minor, demand judgment against Defendant for compensatory damages in the amount of $100,000,000.00, costs of this action, post-judgment interest, and such further relief as this Court deems just and proper.

## COUNT II
## CONSORTIUM CLAIM OF JANE DOE

27. Plaintiff Jane Doe adopts and re-alleges paragraphs one through twenty-six (1-26) as if fully set forth herein.

28. As a direct and proximate result of Defendants' acts or omissions, and the resulting injury to her son, Jessica Doe, Plaintiff Jane Doe has in the past suffered and will in the future continue to suffer mental anguish and the loss of services, companionship, comfort, society and attentions of her child.  In addition, she has in the past incurred and will in the future incur medical

and injury-related expenses for the care and treatment of her child, Jessica Doe. In addition, she has suffered lost earnings while caring for her son. These losses are permanent and continuing in nature and Plaintiff Jane Doe will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, individually, demands judgment against Defendant for compensatory damages in the amount of $100,000,000.00, costs of this action, post-judgment interest, and such further relief as this Court deems just and proper.

Dated this 8th day of February 2022.

    COLSON HICKS EIDSON
    Attorneys for Plaintiff
    255 Alhambra Circle, PH
    Coral Gables, Florida  33134
    (305) 476-7400

    By <u>Deborah J. Gander</u>
        Deborah J. Gander
        Florida Bar No. 34363